**BRIAN G. WOLF (BAR NO. 135257)**
**HENRY L. SELF III (BAR NO. 223153)**
**LAVELY & SINGER**
**PROFESSIONAL CORPORATION**
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501
Facsimile: (310) 556-3615
Email: bwolf@lavelysinger.com
       hself@lavelysinger.com

Attorneys for Plaintiffs
ROBERT J. MARDEROSIAN,
ARON M. MARDEROSIAN and
TWELVE SIXTY, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. MARDEROSIAN, an individual; ARON M. MARDEROSIAN, an individual; TWELVE SIXTY, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; NS PICTURES, INC., a California corporation; MARCO E. BELTRAMI, an individual; PIANELLA MUSIC INC., a California corporation; and DOES 1–10, inclusive,<br><br>Defendants. | CASE NO. 2:17-cv-1062<br><br>**COMPLAINT FOR:**<br><br>**(1) COPYRIGHT INFRINGEMENT;**<br><br>**(2) BREACH OF CONTRACT;**<br><br>**(3) FRAUD/DECEIT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs ROBERT J. MARDEROSIAN, ARON M. MARDEROSIAN and TWELVE SIXTY, LLC (collectively, "Plaintiffs") allege as follows:

**SUMMARY OF THE ACTION**

1. Plaintiffs Robert J. Marderosian and Aron M. Marderosian (known as the "Mardos") wrote, recorded and produced the original musical composition and master recording from which the main title theme of the hit television series *Lucifer* is excerpted. Although all defendants acknowledge that the Mardos wrote and performed the *Lucifer* main title theme, defendants Warner Bros. and NS Pictures have commercially used, broadcast and exploited the *Lucifer* main title theme without any agreement with or license from Plaintiffs. The *Lucifer* main title theme has been commercially used, broadcast and exploited by during the first two seasons of *Lucifer* without affording any credit or compensation to Plaintiffs.

2. This action is brought to secure all available and appropriate remedies and compensation to Plaintiffs for the commercial misappropriation and use of their musical composition and recording, and to compel the defendants to provide Plaintiffs with appropriate credit as the authors and performers of the *Lucifer* main title theme, and otherwise enjoin all unauthorized use and broadcast of the *Lucifer* main title theme and the removal of the main title theme from all episodes of the *Lucifer* series.

3. Although Plaintiffs have made repeated good faith efforts to resolve this matter without the necessity of litigation, the defendants have taken an untenable and unsupported position that Plaintiffs' master recording and composition from which the *Lucifer* main title theme was taken are somehow owned by Warner Bros., and that Plaintiffs have no ownership interest or rights therein.

# PARTIES

4. Plaintiff Robert J. Marderosian is, and at all times relevant hereto was, an individual residing in the County of Los Angeles, State of California and doing business within the County of Los Angeles County, State of California.

5. Plaintiff Aron M. Marderosian is, and at all times relevant hereto was, an individual residing in the County of Los Angeles, State of California and doing business within the County of Los Angeles County, State of California.

6. Plaintiff Twelve Sixty, LLC is, and at all times relevant hereto was, a California limited liability company doing business in the County of Los Angeles, State of California. Twelve Sixty, LLC is the loan-out entity through which Robert and Aron Marderosian sometimes provide their professional services. Plaintiffs Robert J. Marderosian, Aron M. Marderosian and Twelve Sixty, LLC are hereinafter referred to collectively as the "Plaintiffs."

7. Plaintiffs are informed and believe and based thereon allege that defendant Warner Bros. Entertainment Inc. is, and at all times relevant hereto was, a Delaware corporation doing business in the County of Los Angeles, State of California. Plaintiffs are informed and believe and based thereon allege that Warner Bros. Television is a division and/or wholly-owned subsidiary of Warner Bros. Entertainment Inc. Warner Bros. Entertainment Inc. and Warner Bros. Television will sometimes be referred to collectively as "Warner Bros."

8. Plaintiffs are informed and believe and based thereon allege that defendant NS Pictures, Inc. ("NS Pictures") is, and at all times relevant hereto was, a California corporation doing business in the County of Los Angeles, State of California.

9. Defendant Marco E. Beltrami ("Beltrami") is, and at all times relevant hereto, an individual residing in the County of Los Angeles, State of California and doing business within the County of Los Angeles, State of California.

10.    Defendant Pianella Music Inc. ("Pianella") is, and at all times relevant hereto was, a California corporation doing business in the County of Los Angeles, State of California. Plaintiffs are informed and believe and based thereon allege that Pianella is an affiliated business entity of Beltrami through which Beltrami engages in business and provides his professional services.

11.    Plaintiffs are presently unaware of the true names and capacities of the defendants sued herein as Does 1 through 10, inclusive, and therefore sue said defendants by such fictitious names. Plaintiffs will amend this Complaint to allege the true names and capacities of such fictitiously-named defendants when the same have been ascertained. Plaintiffs are informed and believe and based thereon allege that each of the fictitiously-named defendants is responsible in some manner for the occurrences, acts and omissions alleged herein and Plaintiffs' damages were proximately caused by their conduct. Hereinafter, all defendants including Doe defendants will sometimes be referred to collectively as "Defendants."

12.    Plaintiffs are informed and believe and based thereon allege that at all material times Defendants, and each of them, were the agents, employees, partners, joint venturers, co-conspirators, owners, principals, and employers of the remaining Defendants, and each of them, and are, and at all times herein mentioned were, acting within the course and scope of that agency, employment, partnership, conspiracy, ownership or joint venture.

13.    Plaintiffs are informed and believe and based thereon allege that the officers, directors and/or managing agents of the business entity Defendants authorized, directed and/or ratified the wrongful acts of the employees and representatives of said Defendants and, consequently, all of said Defendants are jointly and severally liable to Plaintiffs.

## JURISDICTION AND VENUE

14. This action arises under the United States Copyright Act, 17 U.S.C. §§ 101 *et seq.*, based on acts of copyright infringement committed in the United States. This Court has exclusive jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

15. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because this is a judicial district in which a substantial part of the events giving rise to the claims asserted herein occurred and/or this is a judicial district in which Defendants reside or may be found.

## FACTS

16. The Mardos are renowned television, video game and motion picture score, soundtrack and trailer composers and musical artists, professionally known as "Heavy Young Heathens." As Heavy Young Heathens, the Mardos have written and recorded music for many premiere entertainment productions via major movie studios, networks and advertisers around the world.

17. Beltrami and his loan-out corporation, Pianella, likewise specialize in composing music for use in film and television programming.

18. In or around late October 2015, Beltrami and his son, Tristan Beltrami, approached the Mardos to request their assistance in composing and producing an opening theme track for a forthcoming dramatic weekly television series produced by Warner Bros. and NS Pictures titled *Lucifer* (the "Series"). Beltrami was retained to compose original music for the first season of the Series. When Beltrami approached the Mardos, he was desperate. Beltrami was not able to capture the essence of what Warner Bros. and NS Pictures were looking for in the main title theme for the Series, and each of the musical works previously composed and submitted by Beltrami to Warner Bros. and NS Pictures had been rejected. The deadline for Beltrami to complete and submit an acceptable main

title theme for the Series was fast approaching and Beltrami was out of ideas for a theme track.

19. At Beltrami's request, the Mardos agreed to step in to write, record, produce, mix and edit a musical theme that would likely be more acceptable to Warner Bros. than Beltrami's prior attempts, provided that (subject to a long form written agreement): the Mardos would be credited as co-writers of any resultant theme track based on their work and that ownership of the music publishing of the theme track would be split three ways among Aron Marderosian, Robert Marderosian and Tristan Beltrami; Plaintiffs would share in any fees paid for or generated by the song; and Plaintiffs could license any song they might write, perform and record to third parties for trailers, etc. and share in the profits. Plaintiffs are informed and believe and based thereon allege that, at the time that Beltrami and Pianella made these promises to the Mardos, Beltrami and Pianella actually had no intent to fulfill them.

20. Based on this fundamental agreement and understanding, the Mardos began writing and recording the *Lucifer* main title theme. Over the next several days, they wrote, recorded, produced, mixed and edited an approximately three-and-a-half minute master recording (their "Master") of an original musical composition under the working title "Pay The Price" a/k/a "Being Evil Has A Price" (the "Composition") for potential use as the main title theme of the Series. The Master comprises instrumental and vocal performances by the Mardos. No other performers were involved in the creation of the Master.

21. In or around early November 2015, after their Master recording of the Composition was complete, the Mardos provided the track to Beltrami for submission to Warner Bros./NS Pictures for consideration in the selection of the main title theme of the Series, contingent upon and subject to Warner Bros. and/or NS Pictures entering into a written agreement with Plaintiffs — in the event that some portion of the Master was selected by Warner Bros. and NS Pictures for use

as the main title theme of the Series — which agreement would provide that Plaintiffs receive compensation and credit for the creation of the Composition and Master, including: sharing in any and all fees paid for or generated by the song; that the Mardos receive an on-screen credit for any use of any portion of the Master in the Series, substantially as follows "Lucifer Main Title Theme Performed by Heavy Young Heathens"; and that Plaintiffs would retain 100% of the publishing rights in the Composition and ownership interest in and to the Master. Subsequently, from approximately November 6–8, 2015, the Mardos made various edits to the Master in response to requests from Beltrami and Pianella.

22. Subject to and conditioned upon the aforesaid agreement and obligation that Plaintiffs receive compensation and an on-screen credit should any portion of the Master be used in the Series, in November 2015, Beltrami submitted a copy of the Master to Warner Bros. for consideration in selecting the main title theme of the Series. Warner Bros. was ecstatic with the resulting Composition and Master, and promptly selected a six-second excerpt from the Master for use as the main title theme of the Series (the "Lucifer Theme").

23. However, Plaintiffs are informed and believe and based thereon allege that Beltrami failed to inform Warner Bros. or NS Pictures of his agreement with Plaintiffs, or that Plaintiffs owned and controlled the Composition and Master, or that Plaintiffs had not granted any rights in and to the Master or Composition absent there being an executed written agreement and license from Plaintiffs providing for agreed-upon compensation and credit with respect to any commercial use and exploitation of the Master or Composition, or that Plaintiffs would retain ownership of the Master. Instead, Plaintiffs are informed and believe and based thereon allege that Beltrami passed off the Master and Composition as his own original work and fraudulently represented and warranted to NS Pictures and Warner Bros. that Beltrami owned and controlled all right, title and interest therein.

24. Immediately upon learning that an excerpt of their Master and Composition had been selected and approved by Warner Bros. and NS Pictures for use as the Lucifer Theme, Plaintiffs contacted Beltrami and his talent managers to ensure that — before the Series was broadcast using a portion of the Master and Composition as the Lucifer Theme — Warner Bros. and/or NS Pictures enter into an appropriate written agreement with Plaintiffs providing the Mardos with compensation and credit for the Lucifer Theme and that Plaintiffs own and control 100% of the publishing rights in the Composition and ownership interest in and to the Master. Despite Plaintiffs' good faith and repeated efforts to reach an agreement with the Defendants for the use of the Lucifer Theme, no agreement was ever entered into between Plaintiffs and any of the Defendants for the use, broadcast or other exploitation of the Master or Composition or the Lucifer Theme. Instead, notwithstanding the fact that NS Pictures and Warner Bros. were put on written notice by counsel for Plaintiffs that no such agreement exists, they have continued to use, broadcast and exploit the Lucifer Theme without license or authority from Plaintiffs over the course of two seasons of the Series.

25. In January 2016, the Mardos agreed with Beltrami and Pianella that the writers' portion of music publishing in the six-second Lucifer Theme only — but not the full composition "Pay The Price" a/k/a "Being Evil Has A Price" in its entirety — could be split five ways for cue sheet purposes only. In exchange for that further accommodation, it was agreed and understood that the Mardos would receive an on-screen title card credit on each episode of the Series using the Lucifer Theme as follows: "Main title theme written and performed by Heavy Young Heathens." Again, Plaintiffs are informed and believe and based thereon allege that at, at the time Beltrami and Pianella made this promise, Beltrami and Pianella in fact had no subjective intention to fulfill it.

26. Thereafter, despite repeated requests for information and documentation memorializing the parties' agreement concerning the use and

broadcast by Warner Bros. of the Lucifer Theme, no written agreement was ever entered into by Plaintiffs with Defendants for use of an excerpt from the Master and Composition as the main title theme of the Series.

27. The Series premiered on the Fox television network on January 25, 2016. Its first season ran in the United States through April 2016 and the Series was renewed by Fox for a full 22-episode second season, which began airing domestically on September 19, 2016 and currently remains ongoing. *Lucifer: The Complete First Season* was released in the U.S. as well as internationally on DVD and Blu-ray disc in August 2016. Copies of all episodes broadcast to date are also being sold to consumers through major streaming services such as Amazon.com and iTunes. The Lucifer Theme (which, as discussed above, is excerpted directly from the Mardos' Composition and Master) was and continues to be used in most if not all episodes of the Series except for its pilot.

28. To date, however, Plaintiffs have not received their promised title card (or, for that matter, any) credit in any episode of the Series using the Lucifer Theme, nor have they received any compensation or portion of any payments that may have been made to Beltrami/Pianella by Warner Bros./NS Pictures in connection therewith.

29. As it now stands, there is no enforceable agreement between any of the Defendants and Plaintiffs conveying any of Plaintiffs' rights in and to the Composition, Master and/or Lucifer Theme to any of the Defendants. Nonetheless, Plaintiffs are informed and believe and based thereon allege that Warner Bros. (directly and/or through one or more of its affiliated entities) registered the publisher's share of the composition "Lucifer Main Title Theme" with performing rights organization Broadcast Music, Inc. ("BMI") on or around August 16, 2016 as 40% to Warner-Barham Music, LLC and 60% to Warner Olive Music, LLC (now Universal Music Corporation). Plaintiffs are further informed and believe and based thereon allege that Warner Bros. also purportedly registered

with BMI the publisher's share of a composition apparently titled "Lucifer" on or around September 15, 2016 in equal percentages. Such unauthorized registration of the publisher's share of the Composition was a material violation of the Mardos' rights as authors of that Composition.

30. The Composition and Master continue to be exploited at the beginning of every episode of the Series to this day without any compensation or credit to Plaintiffs, in flagrant violation of their legal rights.

### FIRST CLAIM
### (For Copyright Infringement Against Warner Bros. and NS Pictures)

31. Plaintiffs repeat, reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 30, inclusive, as though fully set forth herein.

32. In or around October and November 2015, the Mardos authored the Composition and Master recording of the song "Pay The Price" a/k/a "Being Evil Has A Price," from which the Lucifer Theme was excised. The aforesaid Composition and Master audio recording are owned and controlled exclusively by the Mardos. The Mardos applied to the United States Copyright Office to register their proprietary rights in and to the Master and the Composition on or about August 11, 2016 and January 29, 2017, respectively.

33. As described above, beginning in January 2016 and continuing until the present, defendants Warner Bros. and NS Pictures have infringed Plaintiffs' Master and Composition by (among other things) unlawfully reproducing and distributing copies of them and/or by creating unauthorized derivative works based thereon.

34. Plaintiffs are also informed and believe and based thereon allege that Warner Bros., without license or authority (directly and/or through one or more of its affiliated entities), purportedly registered the publisher's share of the

composition "Lucifer Main Title Theme" with BMI on or around August 16, 2016, and also purported to register the publisher's share of a composition apparently titled "Lucifer" with BMI on or around September 15, 2016. Such unauthorized registration of the publisher's share of the Composition was a material violation of the Mardos' rights as authors of that Composition.

35. At no time have Plaintiffs consented to Warner Bros.' and NS Pictures' unlawful conduct described herein. Plaintiffs never executed any assignment of copyright or work for hire agreement regarding the Master or Composition, nor did they ever grant any of the Defendants any license with respect thereto, whether exclusive or nonexclusive. To the extent (if any) that one or more of the Defendants purports to believe to have received some sort of implicit authorization from Plaintiffs to exploit the Master and/or Composition as part of the Lucifer Theme or otherwise, Plaintiffs and their counsel repeatedly and unequivocally informed Defendants that no such authorization exists. Despite that notice, Warner Bros. and NS Pictures have continued to use and exploit the Master and Composition without any right or authority.

36. Warner Bros.' and NS Pictures' copyright infringement has been and continues to be intentional, willful and with full knowledge of Plaintiffs' rights in and to the Master and Composition.

37. By reason of Warner Bros.' and NS Pictures' infringement, Plaintiffs have sustained and will continue to sustain substantial injury, loss and damage to their ownership rights in their copyrighted works.

38. Further irreparable harm to Plaintiffs is imminent as a result of Warner Bros.' and NS Pictures' conduct, and Plaintiffs are without an adequate remedy at law. Plaintiffs are entitled to an injunction restraining Defendants, their successors, assigns, licensees, agents, representatives and all persons acting in concert with them from engaging in additional such acts of copyright infringement.

39. Plaintiffs are further entitled to recover from Warner Bros. and NS Pictures the damages sustained by Plaintiffs as a result of their acts of copyright infringement. Plaintiffs are at present unable to ascertain the full extent of the monetary damage they have suffered by reason of Warner Bros.' and NS Pictures' acts of copyright infringement, but reasonably believe those damages to be in excess of $250,000.

40. Plaintiffs are further entitled to recover from Warner Bros. and NS Pictures the gains, profits and advantages that they have obtained as a result of their acts of copyright infringement, the full extent of which Plaintiffs are at present unable to ascertain.

41. Alternatively, Plaintiffs are entitled to maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 for each act of copyright infringement by Warner Bros. and NS Pictures.

42. Plaintiffs are further entitled to recover their attorneys' fees and full costs pursuant to 17 U.S.C. § 505.

## SECOND CLAIM

**(For Breach of Contract Against Beltrami and Pianella)**

43. Plaintiffs repeat, reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 30, inclusive, as though fully set forth herein.

44. As described above, in or around October 2015 Plaintiffs entered into an unwritten contract (the "Agreement") with Beltrami by and through his loan-out corporation, Pianella. Pursuant to the parties' Agreement, the Mardos agreed to write, record and produce a musical composition from which the musical theme for the Series could be sourced, provided that they (1) would be credited as co-writers and that ownership of the music publishing would be split three ways among Aron Marderosian, Robert Marderosian and Tristan Beltrami; (2) would

share in any fees and compensation paid for or generated by the Lucifer Theme; and (3) would retain co-ownership of the Composition and full ownership of the resulting Master, such that they could freely exploit and license the Composition and/or Master to third parties.

45. As described above, the parties subsequently modified their Agreement in or around January 2016 such that the writers' share of music publishing in "Lucifer Main Title Theme," (*i.e.*, the six-second theme song of the Series, as extracted from the Mardos' Composition) would be split five ways for cue sheet purposes only among Aron Marderosian, Robert Marderosian, Marco Beltrami, Tristan Beltrami and Dennis Smith. In exchange for that further accommodation, it was agreed and understood by Beltrami/Pianella that the Mardos would receive a on-screen title card credit in each episode of the Series using the Lucifer Theme.

46. Plaintiffs performed all conditions, covenants and promises required on their part to be performed in accordance with the terms of the Agreement, except to the extent such performance may have been waived, excused or prevented by reason of acts or omissions of Defendants.

47. As described above, Beltrami and Pianella materially breached the parties' Agreement by, among other things, failing and refusing to pay Plaintiffs any compensation, failing and refusing to afford Plaintiffs any credit for the use of the Lucifer Theme, and passing off the Master and Composition to NS Pictures and Warner Bros. as their own creation without any right or authority.

48. As a direct and proximate result of the material breaches of the Agreement by Beltrami and Pianella, Plaintiffs have been damaged in an amount that has not yet been fully ascertained, but which is believed to be in excess of $250,000. When Plaintiffs have ascertained the full amount of their damages, they will seek leave of Court to amend this Complaint accordingly.

# THIRD CLAIM

## (For Fraud/Deceit Against Beltrami and Pianella)

49. Plaintiffs repeat, reallege and incorporate by reference each and every allegation contained in Paragraphs 1 through 30, inclusive, as though fully set forth herein.

50. On or about October 26, 2015, Beltrami—acting by and through his loan-out corporation, Pianella—promised to the Mardos that, in exchange for their agreement to step in to write, record, produce, mix and edit a musical theme for the Series that would likely be more acceptable to NS Pictures and Warner Bros. than the Beltramis' prior attempts, the Mardos would: (1) be credited as co-writers of any musical composition accepted by NS Pictures and Warner Bros. for use in the Series, and that ownership of the music publishing would be split three ways among Aron Marderosian, Robert Marderosian and Tristan Beltrami[1] (2) share in any fees paid for or generated by the song; and (3) retain co-ownership of the Composition and full ownership of the resulting Master recording, such that they could freely exploit and license the Composition and/or Master to third parties at their discretion and retain all fees and consideration received in connection therewith. Beltrami and Pianella further assured the Mardos that they would receive an on-screen title card credit on each episode of the Series using the Lucifer Theme substantially as follows: "Main Title Theme Written and Performed by Heavy Young Heathens."

51. At the time Beltrami and Pianella made these promises to Plaintiffs, they had no intention of performing them.

52. These false promises were made by Beltrami and Pianella with the intent to induce Plaintiffs to write, record, produce, mix and edit a potential

---

[1] In or around early January 2016, the Mardos agreed that the writers' portion of the six-second Lucifer Theme could be split five ways for cue sheet purposes only.

musical theme song for the Series, which Beltrami and Pianella could (and did) then misappropriate and pass off to Warner Bros. and NS Pictures as their own.

53. Plaintiffs, at the time these promises were made and at the times they took the actions herein alleged, were ignorant of Beltrami's and Pianella's intentions not to perform and justifiably relied on their promises. If Plaintiffs had known of the actual intentions of Beltrami and Pianella, then Plaintiffs would not have written, recorded and/or delivered a potential *Lucifer* main title theme.

54. Beltrami and Pianella failed and refused to abide by their promises to the Plaintiffs.

55. As a proximate result of the fraudulent conduct of Beltrami and Pianella, Plaintiffs were induced to take the actions herein alleged, including writing, recording, producing, mixing and editing the main title theme song for the Series.

56. As a direct and proximate result of the aforesaid fraudulent misrepresentations and conduct, Plaintiffs have suffered and continue to suffer damages in an amount to be proven at trial, but believe to be in excess of $250,000. When Plaintiffs have ascertained the full amount of their damages, they will seek leave of court to amend this complaint accordingly.

57. The aforementioned misconduct constituted an intentional misrepresentation, deceit or concealment by Beltrami and Pianella with the intention on their part of thereby depriving Plaintiffs of property or legal rights or otherwise causing injury, and was despicable conduct that subjected Plaintiffs to a cruel and unjust hardship in conscious disregard of their rights, so as to justify an award of exemplary and punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1.    For general damages or rescission of the Agreement;

2.    For punitive damages against Beltrami and Pianella in an amount appropriate to punish them and deter others from engaging in similar misconduct;

3.    For a temporary restraining order, preliminary and permanent injunction restraining Defendants, their officers, directors, agents, employees, representatives and all persons acting in concert with them from further using, distributing, copying, exploiting or infringing the Master or Composition;

4.    For actual copyright infringement damages and Defendants' profits or statutory damages in an amount to be determined at trial;

5.    For their attorneys' fees, as provided by law;

6.    For costs of suit herein;

7.    For interest on the above-requested damages and profits at the maximum legal rate as provided by law; and

8.    For such other and further relief as the Court deems just and proper.

DATE: February 9, 2017

LAVELY & SINGER
PROFESSIONAL CORPORATION
BRIAN G. WOLF
HENRY L. SELF III

By:   /s/ Brian G. Wolf
      BRIAN G. WOLF
Attorneys for Plaintiffs
ROBERT J. MARDEROSIAN,
ARON M. MARDEROSIAN and
TWELVE SIXTY, LLC

## **DEMAND FOR JURY TRIAL**

Plaintiffs Robert J. Marderosian, Aron M. Marderosian and Twelve Sixty, LLC hereby demand a trial by jury.

DATE: February 9, 2017

LAVELY & SINGER
PROFESSIONAL CORPORATION
BRIAN G. WOLF
HENRY L. SELF III


By:   /s/ Brian G. Wolf
      BRIAN G. WOLF
Attorneys for Plaintiffs
ROBERT J. MARDEROSIAN,
ARON M. MARDEROSIAN and
TWELVE SIXTY, LLC