CALDWELL LESLIE & PROCTOR, PC
LINDA M. BURROW, State Bar No. 194668
  *burrow@caldwell-leslie.com*
JULIA J. BREDRUP, State Bar No. 275526
  *bredrup@caldwell-leslie.com*
725 South Figueroa Street, 31st Floor
Los Angeles, California 90017-5524
Telephone: (213) 629-9040
Facsimile: (213) 629-9022

Attorneys for Defendants WARNER BROS. ENTERTAINMENT INC. and NS PICTURES, INC,

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ROBERT J. MARDEROSIAN, an individual; ARON M. MARDEROSIAN, an individual; TWELVE SIXTY, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>WARNER BROS. ENTERTAINMENT INC., a Delaware corporation; NS PICTURES, INC., a California corporation; MARCO E. BELTRAMI, an individual; PIANELLA MUSIC INC., a California corporation; DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:17-cv-01062 CAS (GJSx)<br><br>**NOTICE OF MOTION AND MOTION OF WARNER BROS. ENTERTAINMENT INC. AND NS PICTURES, INC. TO DISMISS PLAINTIFFS' CLAIMS FOR STATUTORY DAMAGES AND ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[Declaration of Julia J. Bredrup and [Proposed] Order filed concurrently herewith]<br><br>The Honorable Christina A. Snyder<br><br>**Date:   May 1, 2017**<br>**Time:  10:00 a.m.**<br>**Ctrm.:  8D** |

**TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on May 1, at 10:00 a.m., or as soon thereafter as this matter may be heard, in the courtroom of the Honorable Christina A. Snyder, located in the United States Courthouse, 350 West 1st Street, Courtroom 8D, 8th Floor, Los Angeles, CA 90012, Defendants Warner Bros. Entertainment Inc. and NS Pictures, Inc. (collectively, "Warner Bros.") will and hereby do move this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss with prejudice Plaintiffs' claim for statutory damages and attorneys' fees from their Complaint.

This Motion is made on grounds that Plaintiffs are not entitled to statutory damages or attorneys' fees because Plaintiffs failed to register timely the work at issue with the Copyright Office, *see* 17 U.S.C. § 412, and thus their request for statutory damages and attorneys' fees is barred as a matter of law.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Julia J. Bredrup filed concurrently herewith, all of the pleadings and other documents on file in this case, all other matters of which the Court may take judicial notice, and any further argument or evidence that may be received by the Court at the hearing.

///
///
///

Pursuant to Local Rule 7-3, counsel for Warner Bros. met and conferred with counsel for Plaintiffs regarding this Motion on March 24, 2017. *See* Declaration of Julia J. Bredrup, ¶ 2. The parties were unable to resolve the issues presented in this Motion. *Id.*

DATED: April 3, 2017

CALDWELL LESLIE & PROCTOR, PC
LINDA M. BURROW
JULIA J. BREDRUP

By ___*/s/ Linda M. Burrow*___
   LINDA M. BURROW
Attorneys for Defendants WARNER BROS. ENTERTAINMENT INC. and NS PICTURES, INC.

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 1

I. INTRODUCTION ............................................................................................ 1

II. FACTUAL BACKGROUND .......................................................................... 2

III. THIS COURT SHOULD DISMISS PLAINTIFFS' CLAIMS FOR STATUTORY DAMAGES AND ATTORNEYS' FEES ................................ 3

    A. Statutory Damages and Attorneys' Fees are not Available Because Plaintiffs Failed Timely to Seek Registration of Their Work ........................................................................................................ 4

    B. The Dismissal of Plaintiffs' Claims for Statutory Damages and Attorneys' Fees Should Be With Prejudice .............................................. 5

IV. CONCLUSION ................................................................................................ 6

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................................. 3

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................................. 3

*Derek Andrew, Inc. v. Poof Apparel Corp.*,
   528 F.3d 696 (9th Cir. 2008) ................................................................. 1, 4

*Dos Santos v. Telemundo Commc'ns Grp., LLC*,
   No. 12-1373 JVS, 2012 WL 9503003 (C.D. Cal. Dec. 19, 2012) ........... 4

*Grant v. Aurora Loan Servs., Inc.*,
   736 F.Supp.2d 1257 (C.D. Cal. 2010) ...................................................... 3

*Johnson v. Jones*,
   149 F.3d 494 (6th Cir. 1998) .................................................................... 4

*Jordan-Benel v. Universal City Studios, Inc.*,
   No. CV-14-5577-MWF, 2015 WL 3888149
   (C.D. Cal. June 24, 2015) ................................................................. 2, 4, 6

*Martin v. Walt Disney Internet Grp.*,
   No. 09-1601-MMA (POR), 2010 WL 2634695
   (S.D. Cal. June 30, 2010) ...................................................................... 4, 5

*Steckman v. Hart Brewing, Inc.*,
   143 F.3d 1293 (9th Cir. 1998) ............................................................... 1, 6

*Zito v. Steeplechase Films, Inc.*,
   267 F.Supp.2d 1022 (N.D. Cal. 2003) ...................................................... 5

**Statutes**

Fed. R. Civ. Proc. 12(b)(6) ............................................................................. 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs Robert J. Marderosian, Aron M. Marderosian, and Twelve Sixty LLC (collectively, "Plaintiffs") claim that Defendants Warner Bros. Entertainment Inc. and NS Pictures, Inc. (collectively, "Warner Bros.") infringed their copyright in a musical composition and sound recording (collectively, the "Work") used in the main title theme for the television series *Lucifer*. While the facts will show that Plaintiffs' claim is meritless, for purposes of this Motion, the Court needs only to consider whether Plaintiffs' claim for statutory damages and attorneys' fees should be dismissed, because Plaintiffs failed to timely seek registration of their alleged Work. The facts alleged in the Complaint establish conclusively that Plaintiffs are not entitled to either form of relief.

Under Section 412 of the Copyright Act, statutory damages and attorneys' fees are available only where a work was registered *prior* to commencement of the alleged infringement, or where registration occurred within three months of the first publication of the work. 17 U.S.C. § 412; *see also Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 701-02 (9th Cir. 2008) (reversing statutory damages and attorneys' fees award based on untimely registration). Plaintiffs did not seek to register the *Lucifer* theme's musical composition until more than seven months *after* they claim the infringement began, and did not seek to register the sound recording until several months later. Plaintiffs request for attorneys' fees and statutory damages thus fails as a matter of law. *Id.*

Moreover, because no additional facts could change the fact that Plaintiffs failed timely to seek registration of their alleged Work, any attempt to amend the Complaint to state a claim for statutory damages and fees would be futile, and this Court should dismiss Plaintiffs' claim for statutory damages and attorneys' fees with prejudice. *See, e.g.*, *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (the "general rule that parties are allowed to amend their pleadings . . . does

not extend to cases in which any amendment would be an exercise in futility"); *Jordan-Benel v. Universal City Studios, Inc.*, No. CV-14-5577-MWF (MRWx), 2015 WL 3888149, at **14-15 (C.D. Cal. June 24, 2015) (dismissing request for statutory damages and attorney's fees without leave to amend).

## II. FACTUAL BACKGROUND

Plaintiffs, brothers Robert and Aron Marderosian, allege they are "renowned television, video game and motion picture score, soundtrack, and trailer composers and musical artists." Complaint ("Compl."), ¶ 16. Plaintiff Twelve Sixty LLC is the Marderosian brothers' loan-out corporation. *Id.*, ¶ 6. Plaintiffs allege that, in October 2015, Defendants Marco E. Beltrami and his company Pianella Music Inc. (collectively, "Beltrami") approached them for help in composing music Beltrami was planning to submit to Warner Bros. for use as an opening theme for a television series titled *Lucifer* (the "*Lucifer* Theme"). *Id.*, ¶ 18. After allegedly coming to agreement with Beltrami on how Plaintiffs would be compensated and credited, Plaintiffs allegedly agreed to help compose the track. *Id.*, ¶ 19.

Plaintiffs allege that, over the next several days, they wrote an original musical composition entitled "Pay the Price" a/k/a "Being Evil Has A Price" (the "Composition"). *Id.* ¶ 20. Plaintiffs claim that they recorded the Composition and provided Beltrami with "an approximately three-and-a-half minute master recording" (the "Master"), *id.*, "for submission to Warner Bros." for consideration. *Id.*, ¶ 21. Plaintiffs allege that the submission of their Work to Warner Bros. and their agreement that it be used in the *Lucifer* Theme was contingent on Plaintiffs' "recei[ving] compensation and credit for the creation" of their Work and on Plaintiffs retaining all of the publishing rights in the Composition and maintaining sole ownership of the Master. *Id.* Plaintiffs allege that Beltrami failed to inform Warner Bros. of these terms. *Id.*, ¶ 23.

After learning that Warner Bros. selected "Pay the Price" a/k/a "Being Evil Has A Price," for use as the *Lucifer* Theme, Plaintiffs claim they engaged in

1  additional negotiations with Beltrami wherein they agreed that the "writers' portion
2  of music publishing in the six-second *Lucifer* Theme only—but not the
3  [Composition as a whole]—could be split five ways for cue sheet purposes only"
4  and that Plaintiffs allegedly would receive an "on-screen title card credit." *Id.*, ¶ 25.
5  Plaintiffs allege, however, that the parties never executed "documentation
6  memorializing" the terms of this purported agreement. *Id.*, ¶ 26.
7      *Lucifer* premiered on January 25, 2016. *Id.*, ¶ 27. Its first season ran through
8  April 2016. *Id.* Plaintiffs allege that the *Lucifer* Theme "was and continues to be
9  used in most if not all episodes of the Series except for its pilot." *Id.* Plaintiffs first
10 applied for registration of the Composition with the United States Copyright Office
11 on August 11, 2016, more than six months after the Series debuted. *Id.*, ¶ 32.
12 Plaintiffs did not apply for registration of the Master until January 29, 2017. *Id.*
13 Plaintiffs do not allege that either the Composition or Master has actually been
14 registered. Nor do they provide copies of the applications for registration they claim
15 to have filed, which would disclose on their faces the first date of publication.

### III. THIS COURT SHOULD DISMISS PLAINTIFFS' CLAIMS FOR STATUTORY DAMAGES AND ATTORNEYS' FEES

18     "A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in
19 the complaint." *Grant v. Aurora Loan Servs., Inc.*, 736 F.Supp.2d 1257, 1265 (C.D.
20 Cal. 2010). "To survive a motion to dismiss, a complaint must contain sufficient
21 factual matter, accepted as true, to 'state a claim to relief that is plausible on its
22 face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v.
23 Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the
24 plaintiff pleads factual content that allows the court to draw the reasonable inference
25 that the defendant is liable for the misconduct alleged." *Id.* "[A] plaintiff's
26 obligation to provide the 'grounds' of his 'entitlement to relief' requires more than
27 labels and conclusions, and a formulaic recitation of the elements of a cause of
28 action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

"If a plaintiff requests attorney's fees and statutory damages in the complaint, courts routinely decide whether such remedies are available under the Copyright Act on a 12(b)(6) motion." *Martin v. Walt Disney Internet Grp.*, No. 09-1601-MMA (POR), 2010 WL 2634695, at *3 (S.D. Cal. June 30, 2010) (granting defendants' motion to dismiss requests for statutory damages, enhanced damages and attorneys' fees on copyright claim even though defendants did not seek dismissal of copyright claim as a whole); *see also Jordan-Benel*, 2015 WL 3888149, at *15 (construing defendants' motion to strike requests for statutory damages and attorneys' fees as a Rule 12(b)(6) motion to dismiss); *accord Dos Santos v. Telemundo Commc'ns Grp., LLC*, No. 12-1373 JVS (MLGx), 2012 WL 9503003, at *7 (C.D. Cal. Dec. 19, 2012) (striking request for attorneys' fees and costs and statutory damages "because the works were not registered when the infringement began").

### A. *Statutory Damages and Attorneys' Fees are not Available Because Plaintiffs Failed Timely to Seek Registration of Their Work*

Statutory damages and attorneys' fees are only available under the Copyright Act for "(1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412; *see also Poof Apparel*, 528 F.3d at 701-02 (reversing award of statutory damages and attorneys' fees where plaintiff registered copyright more than three months after the first publication of the alleged infringing work). Section 412 thus serves two important purposes: incentivizing copyright owners to register their copyrights promptly and encouraging potential infringers to first check the copyright database. *See Poof Apparel*, 528 F.3d at 700; *see also Johnson v. Jones*, 149 F.3d 494, 505 (6th Cir. 1998) (observing that the policy of encouraging prompt registration "reduce[s] both the search costs imposed on potential infringers and the enforcement costs borne by copyright owners").

While Plaintiffs seek statutory damages and attorneys' fees for the alleged infringement of the Composition and Master, *see* Compl., ¶¶ 41-42, the Complaint makes clear that they are not entitled to such relief. Plaintiffs purposely avoid alleging the specific date on which the second episode, the first which used the *Lucifer* Theme, aired. They further seek to conceal the first dates of publication by failing to attach their applications for registration to the Complaint, which would necessarily disclose those dates. Plaintiffs concede, however, that before they were used in the *Lucifer* Theme, neither the Composition nor the Master was previously published. *See id.*, ¶¶ 20-21 (describing their composition as a new piece created specifically for delivery to Warner Bros. "for consideration in the selection of the main title theme" of *Lucifer*). Plaintiffs further admit that *Lucifer* premiered on or about January 25, 2016, and that the first season aired *through* April 2016, *id.*, ¶ 27, all of which occurred *more than three months* before Plaintiffs sought to register either the Composition or the Master. *Id.*, ¶ 32. Plaintiffs thus concede that they did not seek to register either the Composition or the Master either before they allegedly were infringed, or within three months of initial publication, and they are now precluded from obtaining statutory damages or attorneys' fees. *See, e.g.*, *Martin*, 2010 WL 2634695, at *4 (dismissing statutory damages and attorneys' fees claim where the work at issue was "unpublished and unregistered" when the alleged infringement began); *Zito v. Steeplechase Films, Inc.*, 267 F.Supp.2d 1022, 1026 (N.D. Cal. 2003) (dismissing claim for statutory damages and attorneys' fees where the plaintiff's work was "unpublished and unregistered before defendants alleged infringement commenced").

### B.  *The Dismissal of Plaintiffs' Claims for Statutory Damages and Attorneys' Fees Should Be With Prejudice*

Plaintiffs' untimely attempt to register the Composition and the Master cannot be cured by amendment. As a result, any attempt by Plaintiffs to avoid dismissal of their claims for statutory damages and attorneys' fees would be futile. This Court

should therefore grant Warner Bros.' motion to dismiss with prejudice and without leave to amend. *See, e.g.*, *Steckman*, 143 F.3d at 1298 (holding that the "general rule" permitting amendment "does not extend to cases in which any amendment would be an exercise in futility or where the amended complaint would also be subject to dismissal") (citations omitted); *Jordan-Benel*, 2015 WL 3888149, at **14-15 (dismissing plaintiff's request for statutory damages and attorneys' fees without leave to amend where plaintiff failed timely to register his works).

## IV. CONCLUSION

For the foregoing reasons, Warner Bros. respectfully requests that this Court grant this Motion in its entirety and dismiss Plaintiffs' claims for statutory damages and attorneys' fees with prejudice and without leave to amend.

DATED: April 3, 2017

CALDWELL LESLIE & PROCTOR, PC
LINDA M. BURROW
JULIA J. BREDRUP


By  /s/ Linda M. Burrow
      LINDA M. BURROW
Attorneys for Defendants WARNER BROS. ENTERTAINMENT INC. and NS PICTURES, INC.