| Case No. | 2:17-cv-01062-CAS(GJSx) | Date | May 1, 2017 |
|---|---|---|---|
| Title | ROBERT J. MARDEROSIAN ET AL. v. WARNER BROS. ENTERTAINMENT, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Michael Marderosian | Linda Burrow |
| | Jeremiah Reynolds |

**Proceedings:** **DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' CLAIMS FOR STATUTORY DAMAGES AND ATTORNEYS' FEES (Dkt. 21, filed April 3, 2017)**

## I.   INTRODUCTION

This case involves a dispute over the copyright to "Being Evil Has a Price" (also referred to as "Pay the Price") the musical composition excerpted in the main title theme of *Lucifer*, a television show produced by Defendants Warner Bros. Entertainment and NS Pictures, Inc. (collectively, "Warner Bros."). Dkt. 1 ("Compl.") ¶ 1.[1] Plaintiffs allege that they wrote, recorded, and produced the song; that Warner Bros. has used an excerpt of plaintiffs' recording at the beginning of nearly every episode of *Lucifer*; and that plaintiffs have not received any credit or compensation for this use. Id. Plaintiffs contend that Warner. Bros is liable for copyright infringement. Id. ¶¶ 31–42. They seek actual damages, or, in the alternative, statutory damages and attorney's fees. Id. ¶¶ 39–42.

Warner Bros. has filed a "Motion to Dismiss Plaintiffs' Claims for Statutory Damages and Attorneys' Fees." Dkt. 21. Warner Bros. argues that plaintiffs are not entitled to these remedies because they failed to register their copyrights before the alleged infringement commenced. Id. at 9 (citing 17 U.S.C. § 412). The motion has been fully briefed (Dkts. 23, 27) and the Court held oral argument on May 1, 2017. The Court **GRANTS** the motion with leave to amend.

---

[1] The interested reader can listen to the song on YouTube: https://www.youtube.com/watch?v=aclYG9glVTM.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**                    'O'

| Case No. | 2:17-cv-01062-CAS(GJSx) | Date | May 1, 2017 |
|---|---|---|---|
| Title | ROBERT J. MARDEROSIAN ET AL. v. WARNER BROS. ENTERTAINMENT, INC. ET AL. | | |

## II. LEGAL STANDARD

As an initial matter, the Court must decide whether a motion to dismiss is the appropriate vehicle to attack a demand for relief, or whether, as plaintiffs argue, such an attack must be made through a motion to strike. This question has long bedeviled litigants in this circuit because the Federal Rules of Civil Procedure do not provide clear guidance and courts have reached inconsistent conclusions. A long line of cases, both in this circuit and elsewhere, have held that "'[a] request for relief cannot be dismissed for failure to state a claim.'" Saidian v. Krispy Kreme Doughnut Corp., 2017 WL 945083, at *4 (C.D. Cal. Feb. 27, 2017) (quoting Doe v. State of Ariz., 2016 WL 1089743, at *5 (D. Ariz. Mar. 21, 2016)).[2] However, the Ninth Circuit has held that because "Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law," an attack on the demand must occur under Rule 12(b)(6) or Rule 56. Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 974–75 (9th Cir. 2010). Under Whittlestone, Warner Bros.'s motion is procedurally proper.

Although the Court will test the sufficiency of the demand under Rule 12(b)(6), there is no requirement that the demand be supported by factual allegations that render it "plausible on its face." Cf. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Careful readers will remember that the plausibility requirement recognized in Twombly and Iqbal was based on the Court's construction of Rule 8(a)(2)'s requirement for a "short and plain statement of the claim," not on a construction of Rule 12(b)(6). See Iqbal, 556 U.S. at 677–78; Twombly, 550 U.S. at 554–56. But unlike Rule 8(a)(2) (and Rule 8(a)(1), which requires "a short and

---

[2] See, e.g., Martinez v. Optimus Properties, LLC, 2017 WL 1040743, at *10 (C.D. Cal. Mar. 14, 2017) ("Because punitive damages are a remedy, not a claim, a request for punitive damages cannot be dismissed for failure to state a claim.") (citation and quotation marks omitted); Benhur v. Madavaram, 2015 WL 6739109, at *6 (D.N.J. Nov. 2, 2015) ("'[T]he test of the complaint upon a motion to dismiss lies in the claim not in the demand.'" (quoting Falk v. Levine, 60 F. Supp. 660, 663 (D. Mass. 1945)); Celebrity Chefs Tour, LLC v. Macy's, Inc., 16 F. Supp. 3d 1159, 1164 (S.D. Cal. 2014) ("The Court declines to rule on the propriety of Plaintiffs' requests for punitive damages because a Rule 12(b)(6) motion is the improper vehicle for raising this argument."); Bontkowski v. Smith, 305 F.3d 757, 762 (7th Cir. 2002) ("the demand is not itself a part of the plaintiff's claim, and so failure to specify relief to which the plaintiff was entitled would not warrant dismissal under Rule 12(b)(6)").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**                                         'O'

| Case No. | 2:17-cv-01062-CAS(GJSx) | Date | May 1, 2017 |
|---|---|---|---|
| Title | ROBERT J. MARDEROSIAN ET AL. v. WARNER BROS. ENTERTAINMENT, INC. ET AL. | | |

plain statement" of the basis for the court's jurisdiction), Rule 8(a)(3) requires only a "demand for the relief sought." The fact that Rule 8(a)(3) conspicuously omits the requirement for "a short and plain statement" indicates that a conclusory pleading of the demand will suffice.³ Accord Martinez, 2017 WL 1040743, at *10.

## III. DISCUSSION

"[T]he owner of copyright or of any exclusive right in the work may obtain registration of the copyright claim by delivering to the Copyright Office" a copy of the work, an application for copyright registration, and the requisite fee. 17 U.S.C. § 408(a). Although a copyright owner need not submit a registration in order to enjoy the protections of the Copyright Act, registration expands the remedies available to the owner in the event of infringement. A copyright owner is always "entitled to recover the actual damages suffered by him or her as a result of the infringement, and any profits of the infringer that are attributable to the infringement" which are not taken included in the damages calculation. Id. § 504(b). Registration generally makes the copyright owner eligible to recover statutory damages (in lieu of actual damages and restitution) and attorney's fees. Id. §§ 504(c)(1), 505. But "no award of statutory damages or of attorney's fees . . . shall be made for . . . (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." Id. § 412.

Plaintiffs allege: (1) "Being Evil Has a Price" was unpublished before it was used on *Lucifer*; (2) *Lucifer* premiered on January 25, 2016 and continued to run through April 2016; (3) Warner Bros. used an excerpt of plaintiffs' recording at the beginning of nearly every episode; (4) plaintiffs applied to register their copyright in the recording on August 11, 2016; and (5) plaintiffs applied to register the copyright in the underlying composition on January 29, 2017. Compl. ¶¶ 20–21, 27, 32. These allegations establish that plaintiffs are not eligible to recover statutory damages or attorney's fees. At the time

---

³ That conclusion is reinforced by Rule 54(c), which provides that the courts should "grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c). It makes scant sense to invest judicial resources in testing the demand for plausibility when the pleadings do not limit the type of relief the Court can award.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**                                   'O'

| Case No. | 2:17-cv-01062-CAS(GJSx) | Date | May 1, 2017 |
|---|---|---|---|
| Title | ROBERT J. MARDEROSIAN ET AL. v. WARNER BROS. ENTERTAINMENT, INC. ET AL. | | |

*Lucifer* premiered, "Being Evil Has a Price" was an unpublished work. The infringement commenced on the date of the premier, over seven months before plaintiffs registered the copyright to the sound recording. Because plaintiffs' allegations describe the "infringement of copyright in an unpublished work" that "commenced before the effective date of its registration," plaintiffs may not recover statutory damages or attorney's fees. 17 U.S.C. § 412(1); accord Martin v. Walt Disney Internet Grp., 2010 WL 2634695, at *4 (S.D. Cal. June 30, 2010) ("Section 412 bars recovery of attorney's fees and [statutory] damages . . . because the photograph was unpublished and unregistered . . . when Defendants infringed on her copyright."); Zito v. Steeplechase Films, Inc., 267 F. Supp. 2d 1022, 1026 (N.D. Cal. 2003) ("if a work is unpublished and unregistered at the time of infringement, no statutory damages or attorney's fees are available despite the fact that the infringement itself may involve the unauthorized distribution of a copyrighted work").

Plaintiffs argue that dismissal of their demands for statutory damages and attorney's fees is inappropriate because Warner Bros. continued to use the excerpt as the theme music for *Lucifer* after plaintiffs' registered their copyright in this work. But the Ninth Circuit has held that "infringement 'commences' for the purposes of § 412 when the first act in a series of acts constituting continuing infringement occurs." Derek Andrew, Inc. v. Poof Apparel Corp., 528 F.3d 696, 700–01 (9th Cir. 2008); see also Mason v. Montgomery Data, Inc., 967 F.2d 135, 143 (5th Cir. 1992) (section 412 requires that "statutory damages be denied not only for the particular infringement that a defendant commenced before registration, but for all of that defendant's infringements of a work if one of those infringements commenced prior to registration"). Because Warner Bros. first used the excerpt before plaintiffs registered that copyright, it matters not whether Warner Bros. continued to use it after plaintiffs obtained their registration.

On April 27, 2017, plaintiffs filed a supplemental brief, supported by a declaration, providing evidence that Warner Bros. has exploited "a new and different edit" of "Being Evil has a Price" to promote Germany's edition of "Next Top Model." Dkt. 30 at 3. Plaintiffs argue that this infringement is "separate and distinct" from the infringement in *Lucifer*. Id. at 5. They contend that they may be able to recover statutory damages and attorney's fees in connection with this exploitation even if they cannot obtain these remedies in connection with the use of their recording in *Lucifer*. Id. They seek leave to amend their complaint to include these new allegations. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**   'O'

| | | | |
|---|---|---|---|
| Case No. | 2:17-cv-01062-CAS(GJSx) | Date | May 1, 2017 |
| Title | ROBERT J. MARDEROSIAN ET AL. v. WARNER BROS. ENTERTAINMENT, INC. ET AL. | | |

On April 28, 2017, defendants filed a response to plaintiffs' supplement. Dkt. 31. Defendants argue that plaintiffs cannot recover statutory damages or attorney's fees based on the alleged infringement in Germany because this infringement is either related to the *Lucifer* infringement—in which case statutory damages and attorney's fees are barred under Derek Andrew—or distinct from the Lucifer infringement—in which case it would not be actionable under U.S. copyright law. See Subafilms Ltd. v. MGM-Pathe Comms. Co., 24 F.3d 1088, 1091 (9th Cir. 1994); cf. L.A. News Service v. Reuters Television Intern., Ltd., 149 F.3d 987, 992 (9th Cir. 1998) (copyright plaintiff can recover damages stemming from "extraterritorial exploitation of an infringing act that occurred in the United States").

While defendants' argument appears to be correct, leave to amend is freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Moreover, the amendment is not necessarily futile; even if plaintiffs cannot recover statutory damages and attorney's fees in connection with the exploitation of their work in Germany, they might be able to recover actual damages from such exploitation if they show that this exploitation is an extension of an infringing act that occurred in the United States. See L.A. News, 149 F.3d at 992. Accordingly, plaintiffs will be given leave to amend.

### IV. CONCLUSION

Warner Bros.'s Motion (Dkt. 21) is **GRANTED**. Plaintiffs may file an amended complaint within 14 days of this order.

IT IS SO ORDERED.

| | | |
|---|---|---|
| | 00 | : 07 |
| Initials of Preparer | CMJ | |