Michael G. Marderosian (Bar No. 077296)
Heather S. Cohen (Bar No. 263093)
MARDEROSIAN & COHEN
1260 Fulton Mall
Fresno, CA 93721
Telephone: (559) 441-7991
Facsimile: (559) 441-8170

Brian G. Wolf (Bar No. 135257)
Henry L. Self III (Bar No. 223153)
David B. Jonelis (Bar No. 265235)
LAVELY & SINGER
PROFESSIONAL CORPORATION
2049 Century Park East, Suite 2400
Los Angeles, CA 90067-2906
Telephone: (310) 556-3501
Facsimile: (310) 556-3615

Attorneys for:  Plaintiffs/Counter-Defendants ROBERT J. MARDEROSIAN, ARON M. MARDEROSIAN and TWELVE SIXTY, LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT J. MARDEROSIAN, et al.<br>    Plaintiffs,<br><br>vs.<br><br>WARNER BROS. ENTERTAINMENT INC., et al.,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIM | Case No. 2:17-CV-01062-CAS-GJS<br><br>**JOINT REPORT PURSUANT TO F.R.C.P 26(f) and LOCAL RULE 26-1**<br><br>**Judge:** Hon. Christina A. Snyder<br><br>**Scheduling Conference**<br><br>**Date: June 26, 2017**<br>**Time: 11 a.m.**<br>**Location: Courtroom 8D**<br>**(312 N. Spring Street Courthouse)** |

In accordance with Federal Rule of Civil Procedure 26(f) and Local Rule 26-1 and the Court's Order Setting Scheduling Conference, Plaintiff/Counter-Defendants ROBERT J. MARDEROSIAN, ARON M. MARDEROSIAN, and TWELVE SIXTY, LLC, (hereinafter "Plaintiffs"), Defendants WARNER BROS. ENTERTAINMENT INC. and NS PICTURES INC., (hereinafter "Warner Bros. Defendants") and Defendants/Counter-Claimants MARCO BELTRAMI and PIANELLA MUSIC INC. (hereinafter "Beltrami Defendants") met and conferred on June 9, 2017 and hereby file this Joint Rule 26(f) Scheduling Report.

**A. Jurisdiction and Venue**

The Parties agree that this Court has jurisdiction over the claims asserted and venue is proper in this judicial district pursuant to 28 U.S.C §§ 1391(b)(1) and 1391(b)(2).

**B. Concise Statement of Factual and Legal Basis of Claims and Defenses**

<u>Plaintiffs Statement:</u>

Plaintiffs Robert J. Marderosian and Aron M. Marderosian (known as the Heavy Young Heathens) wrote, recorded and produced the original musical composition and master recording of a song entitled "Pay the Price" a/k/a "Being Evil Has A Price". Defendants Marco E. Beltrami and Pianella Music proceeded to submit Plaintiffs' song to Defendants NS Pictures Inc. and Warner Bros. Entertainment Inc. for consideration as the main title theme of the television series "Lucifer". From the Plaintiffs' Master, a six second edit was taken and used for the series in a manner that completely deprived Plaintiffs of their rights, royalties, licensing income and credit that they were entitled to as composers and producers of the theme song. In addition, Defendants Warner Bros. Entertainment Inc. and NS Pictures Inc. have wrongfully used, broadcast, exploited and taken ownership and control over both the *Lucifer* main title theme (six second edit), and full song track recording ("Master"), without any agreement with or license from Plaintiffs. As a result Plaintiffs have suffered and continue to suffer substantial damages as a result of the Defendants' conduct described herein.

This action is brought to secure all available and appropriate remedies and compensation for Plaintiffs as a result of the commercial misappropriation and use of their musical composition and recording, and to compel the Defendants to provide Plaintiffs with appropriate credit as the authors and performers of the *Lucifer* main title theme, and otherwise enjoin all unauthorized use and broadcast of the *Lucifer* main title theme and the removal of the main title theme from all episodes of the *Lucifer* series.

<u>Beltrami Defendants' Statement:</u>

The Beltrami Defendants contend that Tristan Beltrami is the joint author of the musical composition in dispute. The Beltrami Defendants contend that Plaintiffs entered into agreement regarding compensation, ownership, and credits regarding the musical composition and musical recording at issue, which Plaintiffs later repudiated and breached, and Plaintiffs instead insisted upon terms inconsistent with the prior agreement.

<u>Warner Bros. Defendants' Statement:</u>

The Warner Bros. Defendants deny that they are liable to Plaintiffs. The Warner Bros. Defendants' defenses include, *inter alia*, that: Plaintiffs have failed to state a claim upon which relief can be granted with respect to some or all of their claims for relief; Plaintiffs' claims for relief based on the alleged infringement of any copyrights fail because Plaintiffs assigned and/or licensed their rights to any allegedly copyrighted material and because the Warner Bros. Defendants had a license from one or more co-authors to use the allegedly copyrighted works; and Plaintiffs are not entitled to statutory damages or attorneys' fees because they failed timely to register their works.

**C.  Legal Issues**

<u>Plaintiffs' Statement:</u>

Plaintiffs contend the issues in this case are relatively straightforward. Specifically, the case will involve the determination of who wrote, composed, and produced the subject song and who is the lawful owner of the song. In addition, a determination must be made

as to whether the song is being lawfully used or violates Copyright law and the damages suffered by Plaintiffs as a result of the wrongful exploitation of their work. Plaintiffs have alleged a cause of action for Copyright Infringement against Warner Bros./NS Pictures, Inc. and have alleged claims for Breach of Contract and Fraud/Deceit against Marco Beltrami/Pianella Music, Inc.

Beltrami Defendants' Statement:

The Beltrami Defendants contend that Tristan Beltrami jointly authored the musical composition at issue, and that Plaintiffs breached an agreement with the Beltrami Defendants regarding compensation, ownership, and credits regarding the musical composition and musical recording at issue.

Warner Bros. Defendants' Statement:

The Warner Bros. Defendants submit that in an addition to the legal issues set forth above, the following additional legal issues are likely to be determined in this matter, among others:  (1) whether Plaintiffs have stated a viable claim for relief against each of the Defendants on each of their causes of action, (2) whether Plaintiffs' claims for statutory damages and attorneys' fees are barred by Plaintiffs' failure to timely register their alleged copyrights; (3) whether Plaintiffs may recover for alleged foreign uses of their alleged copyrights; (4) whether any of the materials for which Plaintiff claims to own a copyright constitute protectable copyrightable material; (5) whether Plaintiff licensed, assigned or otherwise acquiesced in any alleged use of any of the material for which Plaintiff claims to own the copyright.  The Warner Bros. Defendants reserve their rights to assert additional issues and defenses as the matter progresses.

**D.   Law and Motion Matters**

Plaintiffs:

Plaintiffs intend to file a Motion to Amend to add additional allegations and additional parties who have some culpability for Plaintiffs' damages.

<u>Beltrami Defendants:</u>

None at this time.

<u>Warner Bros. Defendants:</u>

The Warner Bros. Defendants intend to file a motion to dismiss and/or for judgment on the pleadings pursuant to Federal Rules of Civil Procedure 12(b)(b)(6) or 12(c) on the grounds that Plaintiffs' claims for statutory damages and attorneys' fees are barred due to Plaintiffs' failure timely to register their alleged copyrights. The Warner Bros. Defendants further anticipate filing a motion for summary judgment and/or adjudication of issues. The Warner Bros. Defendants also reserve their right to file a motion for bifurcation of issues as well as all pretrial motions in limine at the appropriate time.

**E.     Likelihood of Additional Parties/Dismissal of Parties**

<u>Plaintiffs:</u>

From Plaintiffs' perspective, it is possible that additional defendants may be named and/or added to this litigation based on the outcome of discovery.

Plaintiffs request that this Court give the parties until September 29, 2017 to amend their pleadings and to add any necessary parties.

<u>Warner Bros. and Beltrami Defendants</u>: The Warner Bros. and Beltrami Defendants oppose any further amendment to Plaintiffs' complaint.

**F.     Class Actions**

This case is not a class action.

**G.     Related Cases**

The parties are not aware of any related cases.

**H.     Non-Complex Case**

The parties agree that this case should not be deemed a "complex case" and that the procedures of the Manual for Complex Litigation should not be utilized.

**I.     Consent to Magistrate Judge for All Purposes**

The parties do not consent to a Magistrate Judge for all purposes.

**J.      Independent Expert, Special Master and Other Referrals**

At this point, the parties do not believe that the appointment of a special master or an independent expert is necessary.  The parties likewise agree that this case should not be referred to binding arbitration or to the Judicial Panel on Multidistrict Litigation.

**K.      Disclosures**

The parties have agreed to exchange Initial Disclosures pursuant to Rule 26(a)(1) on or before July 24, 2017.

**L.      Discovery Plans**

The following reflects the parties' views on the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputed:

<u>Plaintiffs:</u>

Plaintiffs intend to propound written discovery including interrogatories, requests for production of documents, and requests for admission to each of the named defendants. At this point, Plaintiffs do not anticipate needing to expand the scope of written discovery from that set forth in the Federal Code of Civil Procedure.

Plaintiffs intend to issue subpoenas to third parties including but not limited to Dennis Smith, Laura Engel, and to those companies involved with America's Next Top Model.

In addition, Plaintiffs intend to depose the following individuals: (1) Marco Beltrami; (2) Tristan Beltrami; (3) Laura Engel; (4) Dennis Smith; (5) Tyson Lozensky; (6) Buck Sanders; (7) Fed. R. Civ. Proc. 30(b)(6) witness from Warner Bros.; (8) Fed. R. Civ. Pro. 30(b)(6) from NS Pictures, Inc.; (9) Dee Dee Daniel; (10) Jonathan Clark; (11) Esther Clauson; (12) Kathy Matthews; (13) Savasta Bronwyn; (14) Ronnie Savage;  (15) Jenee Lynch; (16) Scott Whiteleather; and (17) Jillian Boyd.   These are the individuals that are known to Plaintiffs at this time. In addition, Plaintiffs anticipate the need to depose

individuals regarding the international exploitation of Plaintiffs' song and other issues that may be discovered during the course of discovery. As such, Plaintiffs respectfully request that the Court expand the number of permissible depositions to 30.

The scope of Plaintiffs' discovery will include discovery into the issues and facts set forth in Plaintiff's Complaint and the Beltrami Defendants' Counter-Complaint including but not limited to the following: (1) the creation and authorship of the musical composition and recording at issue; (2) the discussions and negotiations regarding ownership, compensation and credit in connection with the musical composition and recording at issue and use in the subject series; (3) representations made regarding the musical composition; and (4) the nature and extent of the exploitation of the musical compensation.

Beltrami Defendants:

The Beltrami Defendants intend to propound written discovery including interrogatories, requests for production of documents, and requests for admission to each of the Plaintiffs. At this point, the Beltrami Defendants do not anticipate needing to expand the limits on written discovery and depositions set forth in the Federal Code of Civil Procedure.

Subjects of discovery:

(1) the creation and authorship of the musical composition and recording at issue;

(2) the discussions and negotiations regarding ownership, compensation, and credits in connection with the musical composition and recording at issue and use in the Lucifer television series.

Warner Bros. Defendants:

The Warner Bros. Defendants object to any attempt by Plaintiffs to expand the scope of allowable discovery. If, as Plaintiffs contend, "the issues in this case are relatively straightforward," then there is no need for Plaintiffs to take *any* depositions in excess of

those permitted under the Federal Rules, let alone the 30 depositions requested by Plaintiffs.

The Warner Bros. Defendants reserve the right to object to Plaintiffs' anticipated discovery topics.  The Warner Bros. Defendants also anticipate that they will take discovery related to at least the following issues, without limitation:  Plaintiffs' ownership of any copyrights; the discussions and negotiations regarding ownership of the allegedly copyright works and their use in the Lucifer television series; Plaintiffs' licensing and/or acquiescence of any use of allegedly copyrighted materials; and the protectability of any allegedly copyrighted materials.

The Warner Bros. Defendants anticipate using all discovery allowed under the Federal Rules including depositions, requests for documents, interrogatories and requests for admission, and entering into an appropriate stipulated protective order.  The Warner Bros. Defendants further anticipate that each party, as well as third parties, will need to be deposed, and that said depositions will take place after an initial round of written discovery.

**M.     Evidence Preservation**

The parties will preserve all correspondence, discovery, documents, and pleadings related to or filed in the action.

**N.     Settlement and ADR**

The parties are engaged in settlement discussions but have not yet been able to finalize the terms of any Settlement Agreement.

**O.     Expedited Trial Procedure**

There is no basis to expedite this matter.

**P.     Bench Trial**

Jury trial is anticipated by both parties.

**Q.     Trial Length**

The parties anticipate the trial of this matter may last approximately 7-10 days.

**R.     Trial Counsel**

Michael G. Marderosian will be trial counsel for Plaintiffs.

Linda M. Burrow will be trial counsel for the Warner Bros. Defendants.

Jeremiah T. Reynolds will be trial counsel for the Beltrami Defendants.

**S.     Proposed Dates**

Plaintiffs' Position:

| | |
|---|---|
| Rule 26 Initial Disclosures: | July 24, 2017 |
| Last Day to Amend Pleadings or Add Parties: | September 29, 2017 |
| Non-Expert Discovery Cutoff: | January 19, 2018 |
| Expert Disclosure Date: | February 2, 2018 |
| Rebuttal Expert Disclosure Date: | February 23, 2018 |
| Expert Discovery Cutoff: | March 23, 2018 |
| Non-Dispositive Motions: | |
|     Filed no later than: | March 30, 2018 |
|     Heard no later than: | April 30, 2018 |
| Dispositive Motions: | |
|     Filed no later than: | May 7, 2018 |
|     Heard no later than: | June 11, 2018 |
| Mandatory Settlement Conference: | May 14, 2018 |
| Pre-Trial Conference: | July 2, 2018 |
| Trial: | July 23, 2018 |

Warner Bros. Defendants and Beltrami Defendants' Position:

| | |
|---|---|
| Rule 26 Initial Disclosures: | July 24, 2017 |
| Last Day to Amend Pleadings or Add Parties: | July 31, 2017 |
| Non-Expert Discovery Cutoff: | October 31, 2017 |
| Expert Disclosure Date: | October 31, 2017 |
| Rebuttal Expert Disclosure Date: | November 21, 2017 |

| | |
|---|---|
| Expert Discovery Cutoff: | December 7, 2017 |
| Dispositive Motions: | |
|     Filed no later than: | November 13, 2017 |
|     Heard no later than: | December 18, 2017 |
| Mandatory Settlement Conference Cut-Off: | November 15, 2017 |
| Pre-Trial Conference: | January 30, 2018 |
| Trial: | February 13, 2018 |

Respectfully submitted,

Dated: June 12, 2017　　　MARDEROSIAN & COHEN

　　　　　　　　　　　　　　　　*/s/ Michael G. Marderosian*
　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　Michael G. Marderosian,
　　　　　　　　　　　　　　Attorneys for Defendant/Counter-
　　　　　　　　　　　　　　Claimant TWELVE SIXTY LLC

Dated: June 12, 2017　　　BOIES SCHILLER FLEXNER LLP

　　　　　　　　　　　　　　　　*/s/ Linda M. Burrow*
　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　Linda M. Burrow,
　　　　　　　　　　　　　　Attorneys for Defendants
　　　　　　　　　　　　　　WARNER BROS. ENTERTAINMENT
　　　　　　　　　　　　　　INC. and NS PICTURES INC.

Dated: June 12, 2017                    KINSELLA WEITZMAN ISER KUMP
                                                                          & ALDISERT LLP

                                                                       */s/ Jeremiah T. Reynolds*
By:_____
         Jeremiah T. Reynolds,
         Attorneys for Defendants/Counter-
         Claimants MARCO BELTRAMI
         And PIANELLA MUSIC INC.